IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| LUTHER EVANS, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 6:15-CV-328-RP |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Defendant's Opposed Motion for an order that Plaintiff Luther Evans Show Cause as to Why He Should Not Be Found in Contempt. (Dkt. 35). Defendant informs the Court that Mr. Evans refuses to sign a release of claims against the Defendant United States of America that is part of a settlement in this case and asks the Court to issue an order that Mr. Evans show cause as to why he should not be held in contempt of court for his refusal to sign.

**I.     BACKGROUND**

Plaintiffs Luther Evans and Jaida Evans, individually and as next friends of J.E., a minor, filed this claim on November 11, 2015, against Defendant United States of America. In their complaint, they allege that J.E. suffered a severe and permanent injury to his left arm during his delivery at the Carl R. Darnall Army Medical Center due to negligence. Plaintiffs' complaint seeks damages including medical expenses, and past and future pain and suffering.

On August 22, 2016, the parties filed a joint report on mediation, informing the Court that they had reached a settlement. (Dkt. 18). This document was signed by counsel for both sides on behalf of the parties. At the time, the parties also noted that appointment of a guardian ad litem would likely be necessary to represent the interests of J.E. with respect to the settlement. Shortly afterward, Plaintiffs filed an unopposed motion for appointment of a guardian ad litem in the case.

(Dkt. 19). Within this motion, Plaintiffs again represented that "the parties have agreed to settle this case," and requested the appointment of a guardian ad litem in order to protect the interests of J.E. (Dkt. 19, at 3).

After the Court granted the motion and the guardian ad litem's report was filed, the Court held a settlement approval hearing on February 7, 2017. (Dkt. 19). At the hearing, it was undisputed that the parties had previously agreed to a settlement of the remaining claims. However, when Plaintiff Luther Evans was testifying, he expressed doubt as to whether the settlement was in J.E.'s best interest and indicated that he was no longer in support of the settlement because of the guardian ad litem's recommendation that a large portion of the settlement would be invested to pay for J.E.'s post-secondary education, rather than be released to Mr. and Mrs. Evans in cash immediately. Despite Mr. Evans testimony, the Court approved of the settlement in light of the testimony of Mr. Evans' wife and co-plaintiff, Jaida Evans, and the guardian ad litem. An order approving of the proposed settlement agreement was entered February 13, 2017. (Dkt. 31).

After the Court's approval of the settlement, Defendant filed a motion for enforcement of the settlement agreement requesting that the Court order Plaintiff Luther Evans to sign the finalized settlement agreement. The motion was unopposed and the Court granted the motion on April 4, 2017. (Dkt. 34).

Now pending before the Court is Defendant's motion for an order that Plaintiff Luther Evans show cause as to why he should not be found in contempt for his continued refusal to sign the finalized settlement agreement.

## II.     MOTION FOR ORDER TO SHOW CAUSE

Defendant informs the Court that Mr. Evans still refuses to sign the finalized settlement agreement, despite the Court's prior order that he do so. They request that the Court issue an order for Plaintiff Luther Evans to show cause as to why he should not be found in contempt.

2

"It is settled law that the power to punish for contempt is an inherent power of the federal courts and that it includes the power to punish violations of their own orders." *United States v. Fidanian*, 465 F.2d 755, 757 (5th Cir. 1972) (citing *Green v. United States*, 356 U.S. 165 (1958)). However, as "a creature of [the court's] inherent power," *see In re Bradley*, 588 F.3d 254, 265 (5th Cir. 2009), a district court has broad discretion in determining when to hold a party in civil contempt. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 581 (5th Cir. 2005).

"A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Id.* at 581-82. (quoting *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)). "The evidence must be 'so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case.'" *Id.* at 582 (quoting *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir.1999)).

Defendant asks this Court to set a contempt proceeding, ask Mr. Evans to show at the hearing why he should not be held in contempt for his failure to sign the final settlement agreement and release of claims, and to hold him in contempt for his failure to do so.

At this point, the Court has no evidence that Mr. Evans has had a meaningful opportunity to sign the final settlement agreement and release of claims, and has declined to do so even after this Court's order for him to sign. Regardless, it is unclear to the Court that holding a contempt proceeding is necessary in this case, when the relief Defendant seeks is the release of Mr. Evans claims and the enforcement of the settlement agreement. The Court will therefore deny Defendant's motion for the court to issue an order to show cause without prejudice to its refiling at a later date.

## III. ENFORCEMENT OF SETTLEMENT AGREEMENT

The Fifth Circuit has repeatedly stated "that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced." *White Farm Equip. Co. v. Kupcho*, 792 F.2d 526, 530 (5th Cir. 1986) (citing *Cia Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967)). Because "[c]ompromises of disputed claims are favored by the courts . . . '[o]ne who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." *Mid-S. Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 391 (5th Cir. 1984).

This Court already found "that the parties entered into a valid written agreement to settle this case." (Order, April 4, 2017). At no time at the hearing on the approval of the settlement agreement, or afterward though filings to this Court, has Mr. Evans suggested that the initial settlement was invalid.

The Court therefore intends to enter judgment incorporating the terms of the settlement agreement attached as Exhibit 2 to Defendant's Unopposed Motion to Enforce the Settlement Agreement, (Dkt. 32-2).[1] If any party to this action opposes such a judgment, it should file a motion indicating its opposition within ten days of the entry of this order.

---

[1] As the parties have demonstrated an interest in the confidentiality of the settlement agreement, it will ensure that the terms of the settlement remain under seal.

## IV.     CONCLUSION

Based on the foregoing the Court **DENIES** Defendant's Motion for Order to Show Cause **WITHOUT PREJUDICE** and **ORDERS** any party in opposition to the Court entering judgment in this case incorporating the terms of the parties' settlement agreement to file a motion indicating its opposition within ten (10) calendar days of the entry of this order.

**SIGNED** on June 22, 2017.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE